This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36445

**BOARD OF EDUCATION FOR THE
RIO RANCHO PUBLIC SCHOOLS,**

Petitioner-Petitioner,

v.

**PUBLIC EDUCATION DEPARTMENT,
SECRETARY DESIGNATE HANNA
SKANDERA, and PUBLIC
EDUCATION COMMISSION,**

Respondents-Respondents,

and

**ALBUQUERQUE INSTITUTE FOR
MATHEMATICS AND SCIENCE AT
UNM,**

Intervenor.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
David K. Thomson, District Judge**

Cuddy & McCarthy, LLP
Charlotte H. Hetherington
Andrea Salazar
Santa Fe, NM

for Petitioner

New Mexico Public Education Department
Office of General Counsel
Dawn E. Mastalir
Santa Fe, NM

for Respondent

Esquivel & Howington, LLC
Martin R. Esquivel
Albuquerque, NM

for Intervenor

Cuddy & McCarthy, LLP
R. Daniel Castille
Santa Fe, NM

for Amici Curiae New Mexico School Boards Association and New Mexico School Superintendents' Association

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** The Rio Rancho Public School Board of Education (Appellant) appeals the secretary of public education's decision to waive the requirements of the Charter Schools Act, NMSA 1978, §§ 22-8B-1 to -17.1 (1999, as amended through 2019) and allow the Albuquerque Institute for Mathematics and Science at the University of New Mexico (AIMS), an Albuquerque-based charter school seeking to establish separate facilities in Rio Rancho, to open a second location in the Rio Rancho Public School District. Appellant argues that the Secretary's decision was arbitrary and capricious, was not supported by substantial evidence, was outside the scope of her authority, and was otherwise inconsistent with law. Because we agree with Appellant that the Secretary's decision was not supported by substantial evidence, we need not address Appellant's other arguments. This being a memorandum opinion, we limit our recitation of the facts and law to only that necessary to our disposition of the case.

**BACKGROUND**

**{2}** In 2013, AIMS sought to amend its charter in two ways: by increasing the admissions cap, and by creating a second campus to facilitate the admissions increase. In its amendment proposal, AIMS listed possible additional locations: UNM's Los Lunas campus, UNM's north campus in Albuquerque, or UNM's west campus in Rio Rancho. AIMS presented the Public Education Commission (the Commission) with its proposal during a public meeting on February 1, 2013, at which time the AIMS representatives expressed a preference for relocating to the UNM north campus. The Commission moved to approve "the amendment presented by the Albuquerque Institute of Math and Science[,]" voted, and unanimously approved "the amendments presented." Following the amendment approval, the AIMS school director reported to the AIMS board of trustees that UNM's west campus was the "ideal" additional location and that the west campus had already been approved by the Commission, citing the location's inclusion in

the amendment proposal and the proposal's approval during the February 1, 2013 meeting.

**{3}** Believing the Commission had approved a new facility location on any of the three campuses enumerated in the proposal during the February 1, 2013 meeting, AIMS submitted a request "that the restrictions in Section 22-8B-4(L) be waived to permit AIMS . . . to open a separate facility at a location on or near the UNM West Campus within the boundaries of the Rio Rancho Public School District." Section 22-8B-4(L) provides that "a single charter school may maintain separate facilities at two or more locations within the same school district[.]"[1] The request pointed to language from the February 1, 2013 meeting and emphasized that AIMS had listed the west campus in the approved proposal. The Secretary granted the waiver, permitting the second location in Rio Rancho and allowing two AIMS facilities to exist in two different school districts.[2]

**{4}** Appellant filed a writ of certiorari against the Public Education Department (the Department), the Secretary, and the Commission (collectively, Appellees) in district court, seeking review of the Secretary's decision granting the waiver, arguing that the decision was arbitrary and capricious and exceeded the Secretary's statutory authority. The district court granted the writ, and AIMS intervened in the action. After reviewing the record and hearing the parties' arguments, the district court affirmed the Secretary's decision to grant the waiver allowing the second AIMS location in Rio Rancho. Appellant then petitioned for a writ of certiorari in this Court pursuant to Rule 1-075 NMRA, which we granted.

## DISCUSSION

**{5}** This case presents two questions: (1) whether the Secretary's decision to grant the waiver was arbitrary and capricious, supported by substantial evidence, and in accordance with law; and, (2) whether the Public School Code authorized the Secretary to waive a provision of the Charter Schools Act. We review the matter by applying the same standard of review used in the district court sitting in its appellate capacity and consider whether the agency acted arbitrarily or capriciously, whether the decision was supported by substantial evidence, whether the action was outside the scope of the agency's authority, and whether the action was in accordance with law. Rule 1-075(R); *Cavu Co. v. Martinez*, 2013-NMCA-050, ¶ 11, 302 P.3d 126; *see N.M. Indus. Energy Consumers v. N.M. Pub. Regulation Comm'n*, 2007-NMSC-053, ¶ 24, 142 N.M. 533, 168 P.3d 105 ("The reviewing court needs to find evidence that is credible in light of the whole record and that is sufficient for a reasonable mind to accept as adequate to support the conclusion reached by the agency." (internal quotation marks and citation omitted)). Although we view the evidence in the light most favorable to the agency's

---

[1]The Charter Schools Act is part of the Public School Code, NMSA 1978, §§ 22-1-1 to -35-5 (1967, as amended through 2019).

[2]The parties have assumed throughout that Section 22-8B-4(L) applies even though AIMS does not seek to establish its second facility in the "same school district" where its first facility is located. Because the parties do not dispute the issue, we assume without deciding that Section 22-8B-4(L) applies.

decision, we will not uphold the decision if it is not supported by substantial evidence. *N.M. Indus. Energy Consumers*, 2007-NMSC-053, ¶ 24.

**{6}** Article XII, Section 6, of the New Mexico Constitution creates the Department with the Secretary acting as its head. N.M. Const. art. XII, § 6(A). The Department has the authority to "adopt, promulgate and enforce rules to exercise its authority and the authority of the secretary" and to "waive provisions of the Public School Code as authorized by law." Section 22-2-1(B)(1), (4). As part of its authority to waive provisions of the Public School Code, the Legislature has specified that the Department may waive "requirements of the Public School Code . . . that impede innovation in education," provided the waiver request comes from a school that exceeds educational standards and "is supported by the teachers at the requesting school and the requesting school's local school board." Section 22-2-2.1(B)(3). The Public School Code defines the term "local school board" as "the policy-setting body of a school district[.]" Section 22-1-2(H).

**{7}** As part of the waiver request that AIMS submitted to the Secretary, AIMS included documents acknowledging the approval of the AIMS board of trustees and the teachers at the school. The waiver request was not, however, accompanied by any documentation suggesting that either the local school board for Albuquerque or Rio Rancho supported granting the waiver. While the parties fail to address whether the "local school board" in this instance would be the Albuquerque school board or the Rio Rancho school board under the facts of this case, we need not decide that issue, as AIMS failed to present evidence that either school board supported the requested waiver. Appellant has made it clear that it does not support the waiver by filing its petition, and there is no evidence in the record that AIMS sought the support of the Board of Education of the Albuquerque Public Schools.

**{8}** Appellees instead argue that as the head of the Department, the Secretary was required to find that the "school board of the requesting school" supported the waiver request. Section 22-2-2.1(B)(3), however, explicitly requires the support of "the requesting school's local school board, " which Section 22-1-2(H) defines as "the policy-setting body of a school district." And a "school district" is "an area of land established as a political subdivision of the state for the administration of public schools and segregated geographically for taxation and bonding purposes[.]" Section 22-1-2(R). AIMS fails to explain how its board of trustees constitutes the "local school board" as defined in the Public School Act, such that the support of its board of trustees satisfied the statutory requirement that a waiver be supported by the local school board. "We will not review unclear arguments, or guess at what a party's arguments might be." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (alteration, internal quotation marks, and citation omitted). "To rule on an inadequately briefed issue, [the appellate court] would have to develop the arguments itself, effectively performing the parties' work for them." *Id.* "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.*

**{9}** AIMS failed to proffer any evidence that a local school board supported its waiver request, and it therefore failed to satisfy the requirements of Section 22-2-2.1(B)(3). In light of this deficiency in the evidence, we cannot conclude that substantial evidence supports the Secretary's grant of AIMS's waiver request. The Secretary's decision to grant the requested waiver was error. Given the dispositive nature of our conclusion on this issue, we need not reach Appellant's argument regarding whether the Secretary's authority to waive provisions of the Public School Code extends to waiving the provisions of Section 22-8B-4 of the Charter School Code.

**CONCLUSION**

**{10}** We reverse and remand for proceedings consistent with this opinion.

**{11}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**